**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                              No. C 06-04578 CRB

12            Plaintiff,                         **ORDER GRANTING MOTION FOR**
                                                 **SUMMARY JUDGMENT**
13      v.

14   YAHYA A. MOHAMED, ET AL.,

15            Defendants.
                                        /
16

17       The United States moves for summary judgment, seeking to foreclose its federal tax

18   liens on two parcels of real property owned by Defendants.  Because there is "no genuine

19   issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of

20   law," Federal Rule of Civil Procedure 56(c), summary judgment to the government is

21   GRANTED.

22       This is a civil action brought by the United States to collect outstanding federal

23   income taxes assessed against Yahya A. Mohamed and Dahaiba S. Mohamed by foreclosing

24   its federal tax liens which secure those tax liabilities against two parcels of real property

25   located in Oakland.

26       "In an action to collect tax, the government bears the burden of proof."  United States

27   v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983).  The government can usually carry its

28   initial burden merely by introducing its assessment of tax due so long as it is supported by a

1  minimal evidentiary foundation.  <u>See id.</u>  The factual foundation for the assessment is

2  established "once some substantive evidence is introduced demonstrating that the taxpayer

3  received unreported income."  <u>Edwards v. Commissioner</u>, 680 F.2d 1268, 1270 (9th Cir.

4  1982) (per curiam).

5       Defendants contend that the assessments here are not entitled to the presumption of

6  correctness because they lack any factual foundation.  However, the government has

7  proffered a declaration establishing that IRS Revenue Agent Charles Tonna conducted an

8  investigation that uncovered Defendants' receipt of unreported income.  <u>See</u> Tonna Decl. ¶ 3.

9  "The assessments thus [stand] securely upon a foundation of concrete evidence; the

10  presumption of correctness [is] applicable."  <u>Stonehill</u>, 702 F.2d at 1294.

11       Further, the government has adduced unrebutted evidence demonstrating that it is

12  entitled to enforce the tax lien against Defendants by foreclosing on its tax liens against the

13  two Oakland properties.  <u>See</u> 26 U.S.C. § 7403 (authorizing the judicial sale of certain

14  properties to satisfy the tax indebtedness of delinquent taxpayers).  Accordingly, the Court

15  will exercise its discretion to "decree a sale of such property."  <u>Id.</u> § 7403(c).[1]

16       The government is ordered to submit an amended proposed order and decree of sale

17  for this Court's signature.

18       **IT IS SO ORDERED.**

19

20  Dated:  August 21, 2008　　　　　　　　　　CHARLES  R. BREYER
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

21

22

23      [1] In an attempt to elude summary judgment, counsel for Defendants requests additional discovery pursuant to Rule 56(f).  Rule 56(f) provides that "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated" present evidence

24  essential to oppose summary judgment, the trial court may deny the motion for summary judgment or continue the hearing to allow for needed discovery.  In making a Rule 56(f) request, a party opposing

25  summary judgment "must make clear what information is sought and how it would preclude summary judgment." <u>Garrett v. City and County of San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir.1987). The party

26  seeking additional discovery must also explain its inability to presently provide the evidence it seeks to discover; that is, it must show that it previously exercised due diligence to obtain the evidence it now

27  seeks a continuance to obtain. <u>Brae Trans., Inc. v. Coopers & Lybrand</u>, 790 F.2d 1439, 1442-43 (9th Cir. 1986). While the Court does not hold counsel responsible for the failure to obtain affidavits in light

28  of Defendants' presence in Yemen, the affidavit submitted in support of the Rule 56(f) motion fails to explain why the geographical challenge was not overcome <u>before</u> the untimely submission of the opposition.  In the Court's view, Defendants did not previously exercise due diligence to obtain the evidence they now seek, and therefore the Rule 56(f) motion is denied.