UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. C-06-04578-CRB |
| v. ) | |
| YAHYA A. MOHAMED, DAHAIBA S. ) MOHAMED a/k/a DAHABA S. ) MOHAMED, KALIFA YAHYA ) MOHAMED, KHALED MOHAMED, ) SALEH YAHYA MOHAMED, ) RAMZEY MOHAMED, CHARLES A. ) KEETON and DORIS E. KEETON, ) | [PROPOSED] AMENDED ORDER AND DECREE OF SALE |
| Defendants. ) | |

By way of separate Order Granting Motion for Summary Judgment entered August 21, 2008, this Court granted summary judgment in favor of the United States. By that Order, this Court ordered the government to submit a proposed order and decree of sale. This proposed order is submitted in response to that order.

**PROPOSED AMENDED ORDER AND DECREE OF SALE**

**IT IS FURTHER ORDERED**,

1. That plaintiff, United States of America, shall have judgment against defendants Yahya A. Mohamed and Dahaiba S. Mohamed (a/k/a Dahaba S. Mohamed) (hereinafter, "taxpayers"), for

[PROPOSED] AMENDED ORDER AND
DECREE OF SALE, Case No. 06-04578-CRB          1

1  their unpaid federal income tax liability for the tax years 1989, 1990, 1991 and 1992, in the sum
2  of as of $570,691.76,  plus statutory additions which have and will continue to accrue as provided
3  by law from July 24, 2008, until full payment has been made.
4      2.  Interest on said judgment shall accrue at the rate provided by 26 U.S.C. § 6621.
5      **IT IS FURTHER ORDERED**,
6      Pursuant to 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, the Court
7  FURTHER ADJUDICATES AND DECREES:
8      3.  Taxpayers own the real property located at 1334 Peralta Street, Oakland, CA 94607
9  ("**Peralta Property**") and described in the Official Records in the office of the County Recorder,
10 Alameda County, California, describing the real property as follows:

> Lots 19 and 20, in Block 580A, as said lots and block are delineated and so delineated and so designated upon that certain map entitled "Map of Peralta & Center St., Lands", filed March 3, 1877, in Book 2 of Maps, at Page 63, in the Office of The County Recorder of Alameda County.
>
> Code Area: 17-001.    Assessor's Parcel No. 4-87-1

    4.  Taxpayers own the real property located at 933 Mandela Way, a/k/a 933 Cypress Street, Oakland, California (hereinafter, "**Mandela Property**"), and described in the Official Records in the office of the County Recorder, Alameda County, California, as follows:

> PARCEL ONE:
>
> Beginning at a point on the western line of Cypress Street, distant thereon southerly 80 feet from the intersection thereof with the southern line of 10th Street, as said streets are shown on the map hereinafter referred to; running thence southerly along said line of Cypress Street 40 feet; thence at right angles westerly 113 feet; thence at right angles northerly 40 feet; and thence at right angles easterly 113 feet to the point of beginning.
>
> Being Lot 26, Block 552, "Map of Eight Street Tract, surveyed by T.J. Arnold, C.E.", filed March 17, 1876, Map Book 7, Page 22, Alameda County Records.
>
> Excepting the eastern 35 feet deeded to the State of California for Highway purpose, Deed recorded under Series No. AJ-3350.
>
> Assessor's Parcel No. 4-65-8
>
> PARCEL TWO:
>
> Lot 27 (excepting therefrom the eastern 35 feet thereof), Block 552, Eight Street Tract, filed March 17, 1876 Map Book 7, Page 22, Alameda County Records.

**[PROPOSED] AMENDED ORDER AND
DECREE OF SALE, Case No. 06-04578-CRB**          2

1       Assessor's Parcel No. 4-65-9

2   5. The United States' tax liens are valid and subsisting and attach to taxpayers' interests in

3 and to the **Peralta Property** and the **Mandela Property**. Pursuant to 26 U.S.C. §7403 the

4 United States is entitled to enforce its federal tax liens against the **Peralta Property** and the

5 **Mandela Property** in order to satisfy the taxpayers' unpaid federal income tax liability for the

6 tax years 1989, 1990, 1991 and 1992.

7             **TERMS OF SALE OF MANDELA AND PERALTA PROPERTIES**

8   6. The United States Marshal for the Northern District of California, his/her representative or

9 an Internal Revenue Service Appraisal and Liquidation Specialist ("PALS"), is authorized and

10 directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the **Peralta**

11 **Property** and the **Mandela Property**. The United States may choose either the United States

12 Marshal or PALS to carry out the sale(s) under this order and shall make the arrangements for

13 any sale as set forth in this Order.

14   7. The United States Marshal, his or her representative, or a PALS representative is

15 authorized to have free access to the **Peralta Property** and the **Mandela Property** and to take all

16 actions necessary to preserve these properties, including without limitation the retaining of a

17 locksmith or other person to change or install locks or other security devices on any party of the

18 realty, until the deed to the realty is delivered to the ultimate purchaser(s) of the realty.

19   8. The terms and conditions of the sales of the of the **Peralta Property** and the **Mandela**

20 **Property** are as follows:

21     a) The sale(s) shall be free and clear of all interests of Yahya A. Mohamed; Dahaiba S.

22 Mohamed (a/k/a Dahaha S. Mohamed); Kalifa Yahya Mohamed; Khaled Mohamed; Ramzey

23 Mohamed; Saleh Yahya Mohamed; Charles A. Keeton, Jr. (as substitute defendant for Charles A.

24 Keeton, deceased, and Doris E. Keeton, deceased); Metropolitan Bank and the United States of

25 America;

26     b) The sale(s) shall be subject to any lease, building lines if established, all laws,

27 ordinances and governmental regulations (including building and zoning regulations), affecting

28 the premises, and easements and restrictions of record, if any;

**[PROPOSED] AMENDED ORDER AND**
**DECREE OF SALE, Case No. 06-04578-CRB**     3

  c) The sale(s) shall be held either at the courthouse of the county, or city in which such property is located, or on the premises, or at any other place in accordance with the provisions of 28 U.S.C. §§2001 and 2002;

  d) The date and time for each sale are is to be announced by the United States Marshal or his or her representative, or a PALS;

  e) Notice of each sale shall be published once a week for a least four (4) consecutive weeks before each sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States where the property is situated and, at the direction of the United States Marshal, his or her representative or a PALS, by any other notice deemed appropriate.  Each notice shall contain a description of the property and shall contain the terms and conditions of sale in this order;

  f) the minimum bid will be set by the United states of America.  If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of court, and under the terms and conditions in this order of sale, hold anew public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

  g) the successful bidder(s) shall be required to deposit at the time of sale with the United States Marshal, his or her representative, or a PALS, a minimum of $10,000.00, with the deposit to be made by certified check or cash.  Before being permitted to bid at either sale, bidders shall display to the United States Marshal, his or her representative, or a PALS (whichever is conducting the sale) proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this order;

  h) The balance of the purchase price for each parcel of realty is to be paid to the United States Marshal, his or her representative, or a PALS (whichever is conducting the sale) within twenty (20) days after the date the bid is accepted, by a certified or cashier's check payable to the United States Marshal, his or her representative, or a PALS (whichever is conducting the sale). If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of sale, including commissions due under 28 U.S.C. § 1921©, with any

[PROPOSED] AMENDED ORDER AND
DECREE OF SALE, Case No.  06-04578-CRB    4

remaining part retained by the United States as part of the proceeds of the sale to be applied to the tax liabilities of the taxpayers at issue herein.  Both parcels of property will be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash.

I)  The sale(s) of each parcel of property shall be subject to confirmation by this Court.  The United States Marshal or PALS shall file a report of sale with the Court, together with a proposed order of confirmation of the sale and proposed deed, within 20 days from the date of the balance of the purchase price;

j)  Upon confirmation of each sale, the realty shall be discharged and free from all interests in, liens against, or claims to, the realty that are held or asserted by plaintiff or any of the defendants in this action.

k)  The sale is ordered pursuant to 28 U.S.C. §2001, and is made without right of redemption.

9.  Until the **Peralta Property** and the **Mandela Property** are sold, defendants Yahya A. Mohamed, Dahaiba S. Mohamed (a/k/a Dahaha S. Mohamed), Kalifa Yahya Mohamed, Saleh Yahya Mohamed, Khaled Mohamed and Ramzey Mohamed shall take all reasonable steps necessary to preserve the **Peralta Property** and the **Mandela Property** (including all buildings, improvements, fixtures and appurtenances on the realty) in its current condition.  They shall not commit waste against these properties, nor shall they cause anyone else to do so.  They shall not do anything that tends to reduce the value or marketability of the properties, nor shall they cause anyone else to do so.

10.  The defendants shall not record any instruments that may directly or indirectly tend to adversely affect the value of the **Peralta Property** and/or the **Mandela Property**.

11.  When the sale of the **Peralta Property** is confirmed by this Court, the Alameda County Recorder shall permit transfer of such realty to be reflected on that county's register of title.

12.  When the sale of the **Mandela Property** is confirmed by this Court, the Alameda County Recorder shall permit transfer of such realty to be reflected on that county's register of title.

[PROPOSED] AMENDED ORDER AND
DECREE OF SALE, Case No. 06-04578-CRB       5

1  13. All persons occupying the **Peralta Property** and the **Mandela Property** shall leave and vacate the property permanently within sixty (60) days of the date of this Order each taking with them his or her personal property (but leaving all improvements, buildings, fixtures and appurtenances to the property).  If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person(s) from the premises, whether or not the sale of such property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the property by the time specified in this Order, the personal property remaining on the property shall be deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which the proceeds of the sale are to be applied to the costs of sale and the balance to be distributed pursuant to further Order of this Court. See, e.g., **U.S. v.Burdline**, 205 F.Supp.2d 1175, 1180-81 (W.D. Wash. 2002)(ordering sales proceeds from tax foreclosure to be distributed first to allowed costs of sale); *cf.*, 26 U.S.C. §6342 (providing that, where the United States seizes and sells property in satisfaction of a federal tax lien, the proceeds of the sale shall be used first to pay "the expenses of levy and sale").

The proceeds arising from the sales are to be held by the United States Marshal or PALS (whichever conducted the sale) pending further Order confirming the sale(s) and an Order for Distribution of the Sales Proceeds.

DATED this __28th____ day of _ August_____, 2008.

BY THE COURT

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE



[PROPOSED] AMENDED ORDER AND
DECREE OF SALE, Case No.  06-04578-CRB

6